IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) <br> LAVERNE MANGUM, ) <br> ) <br> Debtor. ) <br> ) <br> MARILYN O. MARSHALL, as ) <br> Standing Trustee, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> LAVERNE MANGUM, ) <br> ) <br> Appellee. ) | Appeal from the United <br> States Bankruptcy Court <br> No. 04 B 41017 <br> No. 06 A 879 <br><br> Hon. Carol A. Doyle, <br> Bankruptcy Judge <br><br><br> No. 06 C 3847 |

## MEMORANDUM OPINION AND ORDER

This is an appeal from a ruling in an adversary proceeding of a Chapter 13 bankruptcy proceeding. The debtor filed an adversary proceeding in which she requested that she be discharged and that the bankruptcy trustee refund to the debtor excess proceeds from the sale of real estate. The trustee opposed that request, but the bankruptcy court ruled in the debtor's favor. The trustee appealed. The appellee-debtor moves to dismiss the appeal as untimely. Appellee contends the appeal is untimely because the notice of appeal was improperly filed in the Chapter 13 proceeding itself and not filed in the adversary

proceeding until after the time for filing an appeal had expired and with no request to extend the time to appeal. For the reasons discussed below, the appeal will not be dismissed.

On May 11, 2006, the bankruptcy judge signed an order of judgment for discharge and for turnover. On May 12, 2006, the judgment order was entered on the docket of the adversary proceeding (06 A 879). On May 18, 2006, a memorandum opinion supporting the judgment was entered on the docket of the adversary proceeding. In the Chapter 13 proceeding itself (04 B 41017), there is a May 12, 2006 entry that the adversary case is closed. The judgment order itself was not entered on the docket of the Chapter 13 proceeding, but the May 18 memorandum opinion and related order and notice were entered on the Chapter 13 docket.

On May 19, 2006, the trustee-appellant electronically filed her notice of appeal on the Chapter 13 docket. Although filed on the Chapter 13 docket, the caption on the notice of appeal is the appropriate caption for the adversary proceeding, showing "In re: Laverne Mangum, Debtor" and below that "Laverne Mangum, Plaintiff v. Marilyn Marshall, Chapter 13 Trustee, Defendant," and listing the case numbers for both the Chapter 13 proceeding and the adversary proceeding. See Fed. R. Bankr. P. Official Form 16D. The document is titled as a "Notice of Appeal Under 28 U.S.C. § 158(a)." The notice of appeal recites:

"Marilyn O. Marshall, Standing Trustee, the defendant appeals under 28 U.S.C. Section 158(a) from the Judgment Order of the Bankruptcy Judge Carol A. Doyle entered in this adversary proceeding on the Eleventh (11th) day of May, 2006 (EOD 5/12/06), ordering that the Clerk of the Court issue a discharge to the Debtor, and that Marilyn O. Marshall, Chapter 13 Trustee take all appropriate actions to close the case and refund to the Debtor the money held from the sale of Debtor's home." The notice of appeal also lists all the parties to the appeal and the names, addresses, and telephone numbers of the attorneys for the parties. The notice is electronically signed by the trustee's attorney and is dated May 19, 2006. The form of the notice of appeal is in full compliance with Bankruptcy Rules Official Form 17 and Bankruptcy Rule 8001(a). Although docketed on the Chapter 13 case docket, the notice of appeal is clear that it is an appeal from the judgment entered in the adversary proceeding on May 12, 2006. The May 12 judgment was not entered in the Chapter 13 proceeding.

On June 6, 2006, the notice of appeal docket entry [53] in the Chapter 13 proceeding was modified to add "Docketed on Wrong Case, Filer Notified to Refile."[1] On the same day she was

---

[1] Section II(F) of the Bankruptcy Court's Administrative Procedures for the CM/ECF System provides: "After a document has been submitted and become part of the case record, the docket may only be corrected by the clerk. Corrections will be made by

so notified, appellant-trustee electronically filed the May 19, 2006 notice of appeal on the adversary proceeding docket [14]. As of June 6, appellant still could have requested an extension of time to file the notice of appeal. See Fed. R. Bankr. P. 8002(c)(2). No such request was made.

A timely appeal is a jurisdictional requirement for this appeal. In re Delta Engineering International, Inc., 270 F.3d 584, 586 (8th Cir. 2001); In re Schwinn Bicycle Co., 209 B.R. 887, 890-91 (N.D. Ill. 1997). Bankruptcy Rule 8002(a) provides that a notice of appeal must be "filed with the clerk" within 10 days of the entry of the judgment or order appealed from. For a 10-day period, the Bankruptcy Rules provide that intervening weekends and holidays count. Fed. R. Bankr. P. 9006(a). Here, the time for an appeal was measured from the May 12th entry of the judgment order, not from the subsequent entry of the supporting opinion. See Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Commission, 781 F.2d 935, 938-39 (D.C. Cir. 1986). Thus, the trustee had until Monday, May 22, 2006 to file her notice of appeal. If the

---

adding the correct docket entry with the appropriate document(s) referencing the incorrect docket entry." Under this provision, the appropriate action apparently would have been for the Bankruptcy Court Clerk to create a corrected entry in the adversary proceeding, docketing the notice of appeal in the adversary proceeding with a May 19, 2006 filing date. That, however, was not done and appellant does not presently object to the failure to do that.

notice of appeal is considered to have been filed when it was docketed on the Chapter 13 proceeding docket on May 19, the appeal is timely. If the notice of appeal is considered to be filed on June 6 when it was docketed on the adversary proceeding docket, then the appeal is untimely and must be dismissed for lack of jurisdiction.

Bankruptcy Rule 8002(a) requires that the notice of appeal be "filed with the clerk" within the required time period. There is no express reference to filing the notice in the particular case or on a particular docket. By contrast, Rule 8002(a) expressly refers to "entry" of the judgment or order appealed from, which means entry on the docket. Entry on the docket marks the beginning of the 10-day period for appeal, but filing (not docketing) measures whether the notice of appeal is timely. A paper notice of appeal that is filed on the tenth day is still timely even if the clerk does not enter the notice of appeal on the docket until a later date. Bankruptcy Rule 5005 pertains to filing of papers. Similarly, that Rule makes no express reference to filing papers in a particular case or on a particular docket. It is Bankruptcy Rule 5003(a) which requires that the clerk make docket entries recording judgments, orders, and activity in the case. Filing occurs when the document is placed in the possession of the clerk. In re Graham, 290 B.R. 424, 432 (Bankr. N.D. Ga. 2003); In re Colston, 244 B.R. 770, 771

(Bankr. S.D. Ohio 2000); In re Futrell, 69 B.R. 378, 381 (Bankr. W.D. La. 1987). Cf. Fed. R. Civ. P. 5(e); Robinson v. Doe, 272 F.3d 921, 922-23 (7th Cir. 2001), cert. denied, 535 U.S. 1084 (2002); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1153 (2002). When the trustee first electronically filed the notice of appeal, even though on the wrong docket, the notice of appeal was filed with the clerk.

The above construction of Rules 8002 and 5005 is consistent with Bankruptcy Rule 8001 which sets forth how an appeal is taken. Consistent with Rule 8002(a), Rule 8001(a) provides that an appeal is taken by "filing a notice of appeal with the clerk." There is no reference to filing the notice in a particular case or on a specific docket. The "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal." Fed. R. Bankr. P. 8001(a). The Rule sets forth the form that the notice of appeal is to take. As previously discussed, the notice of appeal that was filed fully complies as to form and is clear that an appeal is being taken from the judgment entered in the adversary proceeding. Filing the notice of appeal with the clerk, but failing to file it on the proper docket, does not take away from the fact that the notice of appeal clearly sets forth what is being appealed. Cf. Fadayiro v. Ameriquest Mortgage Co., 371 F.3d 920, 922-23 (7th Cir. 2004) (failure to comply with

Bankruptcy Rules Official Form 17 was not a ground for dismissing the appeal since attachments to the notice of appeal were in substantial compliance and made clear what was being appealed and the parties to the appeal).

Case law also supports that filing the notice of appeal in the wrong case does not prevent a notice of appeal from being timely filed. Although there are other differences between Bankruptcy Rules for appeal and the Federal Rules of Appellate Procedure, see Fed. R. Bankr. P. 8001, 8002; Fed. R. App. P. 3, 4; Fadayiro, 371 F.3d at 921-22, as to provisions directly pertinent to the issue presently before the court, the language of both sets of rules are essentially the same. Bankruptcy Rule 8001(a) provides "[a]n appeal . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002" while Fed. R. App. P. 3(a)(1) provides "[a]n appeal . . . may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Bankruptcy Rule 8002(a) provides "[t]he notice of appeal shall be filed with the clerk within 10 days" while Fed. R. App. P. 4(a)(1)(A) provides "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days." Thus, case law concerning appeals from the district courts to the appellate courts in which notices of appeal were filed under the wrong case number are

persuasive, if not controlling, authority regarding the present situation.

In Scherer v. Kelley, 584 F.2d 170 (7th Cir. 1978), cert. denied, 440 U.S. 964 (1979), the plaintiff had two Freedom of Information Act cases pending in the district court, one involving a single federal agency and the other involving three additional federal agencies. Both cases were before the same judge, but had not been consolidated. An amended complaint naming all four agencies as defendants was filed in the lower-numbered case, but no action was taken to dismiss the higher-numbered case which still had a complaint naming only the FBI as the defendant. When the district court denied relief, it entered identical orders in both cases. Although referencing all four agencies, plaintiff filed a notice of appeal only in the higher-numbered case with only that case number in the caption. The Seventh Circuit held that it was proper to treat the appeal as applying to the claims against all four agencies and permitted supplementation of the record with pleadings from the lower-numbered case. The Seventh Circuit stated in part:

> What is perhaps more significant is the wording of the judgment to which Scherer referred in his notice of appeal. Even though that judgment of dismissal was entered on the record of cause no. 76 C 1053 (the single FBI defendant), it specifically referred to the case as that in which "the four government agencies (were) defending (the) action . . . ." Significantly, Rule 3 states that a party must

> "designate the judgment, order, or part thereof
> appealed from . . .," while making no reference
> to an individual case number. The obvious reason
> for the wording of the rule is that its purpose
> is to ensure that each party is aware of the
> judgment in dispute rather than a number which
> when separated from the judgment to which it
> refers, is meaningless.
> We think that the discussion in <u>Crump v.
> Hill</u>, 104 F.2d 36, 37-38 (5th Cir. 1939), of
> former Rule 73 of the Federal Rules of Civil
> Procedure, the identically worded predecessor to
> Rule 3 with which we are concerned, is especially
> applicable to this case.
>> (I)t would we think be a harking back to
>> formalistic rigorism of an earlier and
>> outmoded time, as well as a travesty upon
>> justice, to hold the extremely simple
>> procedure required by the Rule is itself a
>> kind of Mumbo Jumbo, and that the failure to
>> comply formalistically with it defeats
>> substantial rights.
>
> Cf. <u>Great Lakes Stamp & Mfg. v. Reese Finer
> Foods, Inc.</u>, 402 F.2d 346 (7th Cir. 1968) (notice
> of appeal referring to initial judgment instead
> of amended final judgment held sufficient). The
> "substantial right" which would in this case be
> defeated is Scherer's right to appellate review
> in his claims under the Freedom of Information
> Act. Since the purpose of the Act is to ensure
> disclosure and not to aid in suppression of
> information pertaining to a private party,
> <u>Department of the Air Force v. Rose</u>, 425 U.S.
> 352, 361 (1976), we cannot allow the frustration
> of the clear intent of the Act because of such a
> technical error as assigning an incorrect number
> to a notice of appeal when a party has clearly
> manifested his intention by correctly referring
> to the judgment he disputes.

<u>Scherer</u>, 584 F.2d at 174-75.

Other circuit courts have also held that, in appealing a district court decision, filing the notice of appeal under the

wrong case number does not require that the appeal be dismissed. In <u>Marshall v. Hope Garcia Lancarte, Inc.</u>, 632 F.2d 1196, 1197 (5th Cir. 1980), the Secretary of Labor had two wage cases pending against the same defendant. The Secretary won one of the cases and lost the other. He intended to appeal the case that he lost, but mistakenly filed a notice of appeal in the winning case with the case number of the winning case on the notice of appeal. The Secretary apparently filed the notice of appeal on the last or second last day that it was due. Two days later, the Secretary moved to either amend the notice of appeal or for an extension of time to appeal based on excusable neglect. The district court denied both motions. On appeal, the Fifth Circuit stated that the district court's finding of no excusable neglect was in error, but, rather than remand the case for further consideration of an extension, the Fifth Circuit granted the motion to amend the notice of appeal.

In two unpublished Sixth Circuit cases,[2] the Sixth Circuit held in each appeal that it had jurisdiction over all

---

[2] Where only limited precedent on the issue exists, unpublished Sixth Circuit opinions may be cited for their persuasive authority. <u>See</u> 6th Cir. R. 28(g); 7th Cir. R. 53(e); <u>Managed Health Care Associates, Inc. v. Kethan</u>, 209 F.3d 923, 929 (6th Cir. 2000); <u>In re Tomlin</u>, 315 B.R. 439, 441 (Bankr. E.D. Mich. 2004); <u>Rauen v. United States Tobacco Manufacturing Ltd. Partnership</u>, 161 F. Supp. 2d 899, 905 n.8 (N.D. Ill. 2001), <u>aff'd</u>, 319 F.3d 891 (7th Cir. 2003); <u>Davis v. Carey</u>, 149 F. Supp. 2d 593, 598 n.2 (S.D. Ind. 2001).

aspects of the appeal where the notice of appeal clearly sought to appeal the dismissal of claims against all defendants in both of two related cases below even though the notice of appeal only contained the case number for one of the cases.[3] See Seneca Insurance Co. v. Daniel, 93 F. App'x 872, 873 n.1 (6th Cir. 2004); Felts v. Campbell, 134 F.3d 371, 1998 WL 13403 *2 (6th Cir. Jan. 7, 1998) (unpublished order).

> . . . Plaintiff does reference [the appealed] order in her notice of appeal, but it was a logical, if not legal, error for Plaintiff to include only one of the two case numbers in the notice. However, the rule which governs notices of appeal, Fed. R. App. P. 3, as well as related case law, say nothing about requiring that case numbers be listed on the notice. Nor does Appellees' brief cite authority for such a requirement.
> Furthermore, we are to construe liberally even the explicit requirement that "[a] notice of appeal . . . must designate the judgment, order, or part thereof appealed from," Fed. R. App. P. 3(c), a requirement Plaintiff met. Sanabria v. United States, 437 U.S. 54, 67 n.21 (1978) ("A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced"). If that explicit requirement is to be construed liberally, then assuming arguendo that there is some implicit requirement that case numbers be included in a notice of appeal, surely it should be even more liberally construed: However,-even under the Sanabria standard, we find that

---

[3]Neither case expressly indicates one way or the other, but the fact that the appellant in each appeal listed only one district court case number implies that each appellant filed the notice of appeal in only one of the district court cases.

> Plaintiff's omission of the second case number is
> not fatal. Defendants point to no actual
> prejudice resulting from the omission of the case
> number, and Plaintiff showed intent to appeal as
> to both Defendants by referencing the combined
> judgment in her notice of appeal. (J.A. at 22).
> See International Union[, United Automobile
> Aerospace & Agricultural Implement Workers of
> America v. United Screw & Bolt Corp.], 941 F.2d
> [466,] 471 [(6th Cir. 1991)] ("It is the order or
> judgment from which the appellant appeals . . .
> that provides the court and any opposing parties
> the necessary notice"). Thus, we possess
> jurisdiction as to both Defendants and turn now
> to the merits of Plaintiff's arguments.

Felts, 1998 WL 13403 at *2.

Appellee cites In re Taylor, 1999 WL 777955 *3-4 (S.D.N.Y. Sept. 30, 1999), in support of dismissing the trustee's appeal for failing to docket the notice of appeal in the correct case. In Taylor, the debtor-appellant sought to appeal two orders entered in his bankruptcy case. One order was entered on September 25, 1998. A second order was dated September 21, 1998, but not entered until September 29, 1998. Both orders were entered in the bankruptcy case itself. The appeal of the first order was dismissed for lack of standing. Id. at *2. Debtor filed an original notice of appeal on September 21, 1998 and an amended notice of appeal on October 13, 1998. Both notices of appeal contained the case number of and were filed in an adversary proceeding related to debtor's bankruptcy case. The

parties that would have been the appellees in an appeal of the two September orders, however, were not parties to the adversary proceeding. As to the original notice of appeal, the court noted that it had the caption of the adversary proceeding and was docketed only in the adversary proceeding, see id. at *3, but held the notice was insufficient as an appeal of the second order because the notice of appeal made no reference to the second order; the notice of appeal only referred to the subject of the first order. Id. at *4. As to the amended notice of appeal, the court conclusorily stated regarding the miscaptioning and filing in the adversarial proceeding: "On this basis alone, the Amended Notice was insufficient." Id. The court, however, went on to hold that, even if the miscaptioning and misfiling could be "excused," the amended notice of appeal was untimely because filed more than 10 days after the second order was entered. Id.

The holding in Taylor upon which appellee relies could be construed as dictum. Even if not dictum, the entire holding is a one-sentence statement. For the reasons previously discussed, the court declines to follow Taylor.

The May 19, 2006 notice of appeal contains the caption for the adversary proceeding and makes clear that it is an appeal of the judgment entered in the adversary proceeding on May 12,

2006. On May 19, 2006, this notice of appeal was timely filed with the clerk of the bankruptcy court. The fact that this notice of appeal was originally docketed in the wrong case and not docketed in the adversary proceeding until more than 10 days after May 12, 2006 does not make the present appeal untimely. Appellee's motion to dismiss will be denied.

After appellant responded to the motion to dismiss, appellee filed her answer brief to the merits of the appeal and thereafter filed her reply brief in support of the motion to dismiss. In the answer brief, appellee addresses the merits of the appeal and also raises the jurisdictional contention that the appeal is moot. Appellant did not file a reply in support of the appeal, presumably because she assumed the briefing of the merits was being stayed pending resolution of the motion to dismiss. Appellant will be provided the opportunity to file her reply before the issue of mootness and the merits of the appeal are ruled upon. However, if appellant did not file a reply because she is abandoning her appeal, conceding it is moot, or simply believes her opening brief was sufficient, she should promptly file a pleading to that effect. Otherwise, appellant's reply is due by no later than December 22, 2006.

IT IS THEREFORE ORDERED that appellee's motion to dismiss [4] is denied. By December 22, 2006, appellant shall file her reply brief in support of her appeal.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 7, 2006